IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TYLER LEROY HILBERT<br><br>Defendant. | No. 26-00034-01-CR-W-BCW |

**MOTION OF THE UNITED STATES FOR PRETRIAL DETENTION AND A HEARING PURSUANT TO TITLE 18, UNITED STATES CODE, SECTION 3142(f)**

The United States of America, by R. Matthew Price, United States Attorney, and the undersigned Assistant United States Attorney, both for the Western District of Missouri, moves the Court to hold a hearing pursuant to 18 U.S.C. § 3142(f), for the purpose of demonstrating that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required by the Court and the safety of other persons and the community and thereafter detain defendant without bail pending trial of this matter.

**SUPPORTING SUGGESTIONS**

1.  This motion is being made at the defendant's first appearance before a judicial officer. A criminal indictment has been filed charging the defendant with Count One Cyberstalking a Minor in violation of 18 U.S.C. §§ 2261(A)(2)(B) and 2261(B)(a), Count Two Cyberstalking in violation of 18 U.S.C. §§ 2261(A)(2)(B) and 2261(b)(5), Count Three Interstate Threats in violation of 18 U.S.C. § 875(c), Count Four Interstate Threats Involving Explosives in violation of 18 U.S.C. § 844(e), and Count Five False Information and Hoaxes in violation of 18 U.S.C. §§ 1038(a)(1)(A) and (a)(1)(A).

**2.** Subsection 3142(f), Title 18, United States Code, provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure the defendant's appearance and the safety of any other person in the community if the attorney for the Government moves for such a hearing and if the case is in any one of the following categories:

    A.    The case involves a crime of violence, a term defined to include either:

        (1)    An offense that has as an element of the use, attempted use, or threatened use of physical force against the person or property of another;

        (2)    any other offense that is a felony and by its nature involves a substantial risk that physical force against the person or property of another <u>may</u> be used in the course of its commission; and

        (3)    any felony under chapter 77, 109A, 110 or 117.

    B.    The case involves an offense where the maximum sentence is life imprisonment or death.

    C.    The case is a narcotics case under Title 21, United States Code, for which imprisonment for ten years or more is prescribed.

    D.    Any felony, even a non-violent felony not involving drugs, if the person already has two or more convictions for a crime of violence, a crime punishable by life imprisonment, or a ten year drug felony.

E. Any felony that is not otherwise a crime of violence that involves a minor victim or that involves the use or possession of a firearm, destructive device, or any other dangerous weapon, or involves a failure to register under 18 U.S.C. § 2250.

3. The statute recognizes two additional situations which allow for a detention hearing and which can be raised either by the attorney for the Government or by a judicial officer. These conditions are:

A. When there is a serious risk that the defendant will flee; or

B. When there is a serious risk that the person will "obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate a prospective witness or juror."

4. Subsection 3142(g), Title 18, United States Code, sets out factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the accused and the safety of the community. These factors include:

(1) the nature and circumstances of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person (including physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, drug or alcohol abuse, criminal history, record concerning appearance at court proceedings, and whether at the time of the current offense or arrest, the person was on probation, or parole, or other release);

3

(4) the nature and seriousness of the danger to any persons or the community that would be posed by the person's release.

5. One or more grounds for pretrial detention and a pretrial detention hearing as set forth by the statutes exists in the above cause, to wit: the defendant is charged with a crime involving a minor victim, and there is a serious risk that the defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate a prospective witness. The investigation has uncovered evidence that the defendant is a danger to the community. Such evidence includes the following: the defendant has several convictions for making false reports to law enforcement in different jurisdictions, has a previous Full Order of Protection entered against him in which he was not to abuse, stalk, molest, communicate with, or come within 100 years of the petitioner (*see* Missouri Couts Case.net https://www.courts.mo.gov/casenet/cases/newHeader.do?inputVO.caseNumber=23PT-DR00387&inputVO.courtId=CT18#party), and has a pending charge in Pettis County, Missouri for making a false report.

6. The defendant's prior convictions include:

A. Johnson County, Missouri case number 23JO-CR00761 in which the defendant pleaded guilty on to the Class A misdemeanor of Terroristic Threats in the 3rd degree in violation of RSMo. § 574.125, and three counts of the Class B felony of Making a False Report in violation of RSMO. § 575.080 for events occurring on March 20, March 30, April 23, and May 11, 2023. The defendant was sentenced on

4

January 24, 2024, and received a suspended imposition of sentence and two years' probation.[1]

  B. Henry County, Missouri case number 23HE-CR00155, charged on March 30, 2023, in which the defendant pleaded guilty to one count of the Class B misdemeanor of Making a False Report in violation of RSMo. § 575.080 for events occurring on September 26, 2022. The defendant was sentenced on February 27, 2024, and received a suspended imposition of sentence and 2 years' probation.

  C. Cass County, Missouri case number 24CA-CR00376 in which the defendant pleaded guilty to two counts of the Class B misdemeanor of Misusing 911 in violation of RSMo. § 190.308 for events occurring on August 1, 2023. The defendant was sentenced on August 13, 2024, to a suspended imposition of sentence and 2 years' probation.

  D. Winona County, Minnesota case number 85CR242062 in which the defendant pleaded guilty to one count of the Gross misdemeanor of Placing a Fictitious 911 Call to Prompt Response in violation of Minnesota § 609.78.2(2) for events occurring on September 4, 2023. The defendant was sentenced on April 22, 2025, to 2 years' probation.

7. On January 6, 2026, the defendant was charged in Pettis County, Missouri, case number 26PT-CR00020, with one count of the class B misdemeanor of Making a False Report in

---

[1] A motion for probation revocation was filed by the State of Missouri on January 13, 2026. On January 23, 2026, the Court tolled and suspended the running of probation and a probation condition review hearing is currently scheduled for March 6, 2026, (*See* Missouri Courts Case.net https://www.courts.mo.gov/casenet/cases/newHeader.do?inputVO.caseNumber=23JO-CR00761&inputVO.courtId=CT17#docket. Last visited January 28, 2026.)

violation of RSMo. § 575.080. Although Hilbert is charged with one offense, the publicly available probable cause statement sets out five instances in which the defendant made calls to prompt a law enforcement response. (*See* Missouri Courts Case.net https://www.courts.mo.gov/casenet/cases/newHeader.do?inputVO.caseNumber=26PT-CR00020 &inputVO.courtId=CT18#docket. Last visited January 28, 2026.)

8. The nature and circumstances of the crimes charged demonstrate the defendant is a threat to the community. The charges involve the defendant's serious threats to a high school in the state of California which prompted emergency law enforcement responses and school lockdowns on multiple occasions. Further, the defendant is charged with cyberstalking a 14-year-old victim and a 19-year-old victim. His criminal actions relating to the stalking counts also prompted law enforcement responses on multiple occasions. His threats to the Minor Victim, set out in Count Three of the indictment, included threats to kill, injure, and rape the minor and kill her family.

9. Federal search warrants for the defendant's residence and person were served on May 23, 2024. At that time the defendant was interviewed by law enforcement and made admissions about his involvement with the Minor Victim and Adult Victim and admitted to making hoax calls. Based on evidence obtained during the investigation and the defendant's admissions, the weight of the evidence against the defendant is strong.

10. The defendant's parents are his co-guardians. Publicly available on-line records confirm that on November 7, 2023, in the Circuit Court of Henry County, Missouri, the court entered a judgment and order appointing the defendant co-guardians. (*See* Missouri Courts Case.net Henry County, Missouri Circuit Court Probate Division case number 23HE-PR00120;

https://www.courts.mo.gov/casenet/cases/newHeader.do?inputVO.caseNumber=23HE-PR00120&inputVO.courtId=SMPDB0005_CT27#docket. Last visited December 5, 2025.)

11. The defendant's criminal convictions, which are similar to the charges filed in this case, and the defendant's continued criminal activity, evidenced by the new charge filed in Pettis County on January 6, 2026, demonstrates that the defendant's prior probations have not had an impact on his actions and he remains a danger to the community, and there is a concern the defendant will obstruct or attempt to obstruct justice. The defendant made several court appearances in the State of Missouri related to his prior Henry County case and Johnson County case either prior to or during his criminal conduct in this case. The defendant was well aware his actions were illegal and could result in criminal charges but continued to engage in his criminal activity.

WHEREFORE, based on the foregoing, the United States requests that the Court hold a Detention Hearing in accordance with 18 U.S.C. § 3142(f), and following such hearing, order the detention of the defendant.

Respectfully submitted,

R. Matthew Price
United States Attorney

By: /s/Teresa A. Moore
Teresa A. Moore
Assistant United States Attorney
Special Victims Unit
Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

7

CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a copy of the foregoing was delivered on January 28, 2026, to the CM-ECF system of the United States District Court for the Western District of Missouri, and a copy of the foregoing will be hand-delivered to the defendant at his first appearance before a judicial officer.

                                                 *Teresa A. Moore*
                                               Teresa A. Moore
                                               Assistant United States Attorney

8

Case 4:26-cr-00034-BCW    Document 3    Filed 01/28/26    Page 8 of 8